IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHANNEL MARTIN, individually and )
on behalf of all others similarly situated, )
)
        Plaintiff, ) 07 C 3458
)
v. )
) Judge Ronald A. Guzmán
WAL-MART STORES, INC., )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Channel Martin has sued Wal-Mart for its alleged violation of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2, breach of contract and gross negligence. Defendant has filed a motion pursuant Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss all of the claims asserted against it. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

Defendant owns and operates a Wal-Mart store in Evergreen Park, Illinois that sells, among other things, electronics. (Compl. ¶¶ 3, 5, 9.) On December 18, 2006, plaintiff purchased a Zune MP3 player for her twelve-year-old daughter at the Evergreen Park Wal-Mart. (*Id.* ¶ 7.) The Zune MP3 plays videos and music, and stores pictures. (*Id.* ¶ 8.) Plaintiff paid full price for the device and received a sales receipt documenting her purchase. (*Id.* ¶¶ 10, 42, 43.)

The next day, plaintiff gave the MP3 player to her daughter, who discovered that it contained sixty-two pornographic pictures and more than six hours of hardcore pornographic video. (*Id.* ¶¶ 11-12, 59.) According to the MP3 player's data log, the videos were downloaded before plaintiff purchased the device. (*Id.* ¶ 14.) Plaintiff went to the Evergreen Park Wal-Mart and complained about the footage contained on the MP3 player, but the store manager "was nonchalant and blamed Microsoft." (*Id.* ¶ 13.)

Plaintiff alleges that the MP3 player she purchased was returned to Wal-Mart after being used by another customer. (*Id.* ¶ 15.) She also contends that Wal-Mart routinely re-packages returned electronic items and restocks them as new merchandise. (*Id.* ¶¶ 19-21.) The restocked items are not marked or discounted to reflect that they have been used. (*Id.* ¶ 22.) Defendant benefits from this policy by saving the cost of returning the used items to the manufacturer and by selling used items at new item prices. (*Id.* ¶¶ 25, 26.)

Electronic devices such as the Zune MP3 player have a limited life expectancy, and thus, a used MP3 player is not worth as much as a new one. (*Id.* ¶ 23.) As a result, plaintiff purchased a device worth less than what she believed it to be worth. (*Id.* ¶¶ 24, 46.) Moreover, the fact that plaintiff's twelve-year-old daughter was exposed to pornographic images, caused plaintiff to "suffer[] extreme emotional distress, . . . upset [and] shock[]." (*Id.* ¶ 60.)

### Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "[A] complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but plaintiff must make sufficient "[f]actual allegations . . . to raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). However, no claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In Count I, plaintiff alleges that defendant violated the Illinois Consumer Fraud Act ("ICFA"). In relevant part, the statute says that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false premise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" . . . are hereby declared unlawful
> . . . .

815 Ill. Comp. Stat. 505/2. Section 2 of the Uniform Deceptive Trade Practices Act states that "[a] person engages in a deceptive trade or practice when, in the course of his or her business, vocation, or occupation, the person . . . represents that goods are original or new if they are . . . used . . . ." 815 Ill. Comp. Stat. 510/2. To state a viable ICFA claim, plaintiff must allege that "(1) a defendant engaged in a deceptive act or practice (2) with the intent that the plaintiff rely on the deception (3) in the course of trade or commerce and (4) the deception was the proximate cause of the claimant's alleged injury." *Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 994 (N.D. Ill. 2002), *aff'd*, 352 F.2d 1118 (7th Cir. 2003). Moreover, ICFA fraud claims, like their common law counterparts, must meet the heightened pleading standard of Rule 9(b). *Id.*; *see Sears v. Likens*, 912 F.2d 889,

893 (7th Cir. 1990) (stating that plaintiff must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" to plead fraud sufficiently).

Defendant argues that plaintiff has not adequately pled the first element of the ICFA claim, *i.e.*, that defendant engaged in a deceptive act or practice. With respect to this element, plaintiff alleges that she purchased an MP3 player from defendant that contained previously downloaded images. (Compl. ¶¶ 7, 12, 14.) She also alleges, "[o]n information and belief," that the device she purchased had been returned to Wal-Mart by another customer and Wal-Mart routinely re-packages, restocks and sells returned electronics as new merchandise. (*Id.* ¶¶ 15, 19-22.)

Plaintiff has not, however, set forth any basis for her "information and belief" that the MP3 player she purchased had been returned to and re-packaged by Wal-Mart or that Wal-Mart routinely sells used electronics as new. Plaintiff does not, for example, identify any other customers who discovered that electronic devices they purchased from Wal-Mart had been used or allege that any current or former Wal-Mart employee has acknowledged that Wal-Mart re-sells used electronics. Without some facts that suggest Wal-Mart knew the MP3 player plaintiff purchased was used, plaintiff has not alleged with particularity that Wal-Mart engaged in a deceptive act or practice. Accordingly, the Court dismisses without prejudice plaintiff's ICFA claim.

Moreover, Wal-Mart says, even if plaintiff can amend her complaint to allege a viable ICFA claim, her request for injunctive relief will still be infirm. The Court agrees. A request for injunctive relief requires plaintiff to allege, among other things, that she has suffered an injury for which money cannot compensate. *eBay, Inc. v. MercExchange, LLC.*,

4

126 S. Ct. 1837, 1839 (2006). Rather than alleging that her injury is irreparable, however, plaintiff has requested an award of money damages (Compl. ¶ 39) – an admission that her injury is not irreparable. Her ICFA claim for injunctive relief is, therefore, dismissed with prejudice.

Defendant also moves to dismiss the contract claim plaintiff asserts in Count II. To state a viable contract claim, plaintiff "need only plead the bare essentials of offer, acceptance, consideration, performance by the plaintiff and breach by the defendant causing the loss." *Tibor Machine Prods., Inc. v. Freudenberg-Nok Gen. P'ship*, 967 F. Supp. 1006, 1011 (N.D. Ill. 1997) (quotation omitted). Plaintiff has adequately alleged each of these elements.

An offer "induces a reasonable belief in the recipient that he can, by accepting, bind the sender." *Id.* (quotation omitted). Here, plaintiff alleges that by placing the MP3 player for sale, defendant offered to sell her a new electronic item. (Compl. ¶ 41.) Because Wal-Mart could not force plaintiff to return the MP3 player after she purchased it, her allegation that Wal-Mart made the device available for purchase sufficiently pleads an offer.

Acceptance occurs when the offeree indicates acceptance of the terms of the offer, *Johnson v. Whitey Metal Tool Co.*, 96 N.E.2d 372, 376 (Ill. App. Ct. 1950), and consideration is "a benefit to the promisor or a loss or detriment to the promisee." *Bredemann v. Vaughan Mfg. Co.*, 188 N.E.2d 746, 751 (Ill. App. Ct. 1963) (quotation omitted). By alleging that she paid Wal-Mart the price it asked for the device (Compl. ¶ 43), plaintiff has adequately pled acceptance, consideration and that she performed her contractual obligations.

Plaintiff has also sufficiently alleged that Wal-Mart breached the contract and she was damaged as a result. Plaintiff says that the Zune MP3 player she purchased from defendant was not, as Wal-Mart promised, a new device. (*Id.* ¶¶ 10, 15.) Moreover, she alleges that the device she received was worth less than the new MP3 player for which she had paid. (*Id.* ¶¶ 23-24.) Those allegations are sufficient to satisfy the last two elements of her contract claim.

Plaintiff's allegations do not, however, support her request for injunctive relief. As with her ICFA claim, plaintiff seeks money damages for Wal-Mart's alleged breach of contract. (Compl. ¶ 53.) This tacit admission that money damages will redress her injury dooms plaintiff's request for injunctive relief on her contract claim.

In Count III, plaintiff charges Wal-Mart with gross negligence. Wal-Mart says the claim should be dismissed because Illinois does not recognize such a cause of action. Even if this claim is construed as one simply for negligence, Wal-Mart says it fails because its barred by the *Moorman* economic loss doctrine.

Wal-Mart's first contention is easily dispatched. The sufficiency of a claim depends on the nature of the allegations not the label plaintiff attaches to it. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (stating that a "complaint need not identify a legal theory, and specifying an incorrect theory is not fatal"). Thus, the label plaintiff gave to her Count III claim is not a basis for dismissing it.

Wal-Mart fares no better with its *Moorman* argument. In *Moorman v. National Tank Co.*, the Illinois Supreme Court held that parties to a contract cannot sue in negligence to recover for purely economic loss, that is "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of

6

personal injury or damage to other property." 435 N.E.2d 443, 449, 451-52 (Ill. 1982) (quotation omitted). In her negligence claim, plaintiff seeks to recover for personal injury, *i.e.*, the emotional distress she suffered as a result of Wal-Mart's sale to her of an MP3 player filled with pornographic images, not economic injury, *i.e.*, the difference between the value of a new Zune MP3 player and the used one she received. Because she is not seeking to recover for economic loss, *Moorman* does not bar plaintiff's negligence claim.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss [doc. no. 14] is granted in part and denied in part. The motion is granted with respect to plaintiff's ICFA claim in Count I, which is dismissed without prejudice, and plaintiff's claims for injunctive relief in Counts I and II, which are dismissed with prejudice. In all other respects, the motion is denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend her complaint in accordance with it. If she fails to do so, her ICFA claim will be dismissed with prejudice.

**SO ORDERED.**    ENTERED: 10-26-07

HON. RONALD A. GUZMÁN
**United States District Judge**